IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02188-LTB-CBS

SOLOMON BEN-TOV COHEN,
        Plaintiff,
v.

REPRESENTATIVE HENRY WAXMAN, United States Congress,
U.S. CAPITOL POLICE, and
FRED BUSCH, Agent, U.S. Capitol Police,
        Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

This civil action comes before the court on: (1) "Defendant the U.S. Capitol
Police's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)" (filed April 21, 2009)
(doc. # 20); and (2) the "Motion to Dismiss of Defendant Henry Waxman" and
"Memorandum of Points and Authorities in Support of Motion to Dismiss of Defendant
Congressman Henry A. Waxman" (filed May 4, 2009) (docs. # 24 and # 25).  Pursuant
to the Order of Reference dated November 12, 2008 (doc. # 9) and the memoranda
dated April 22, 2009 (doc. # 21) and May 5, 2009 (doc. # 26), these matters were
referred to the Magistrate Judge.  The court has reviewed the Motions, Mr. Cohen's
Responses (filed August 12, 2009) (docs. # 55, # 56, and # 56-2), Defendant Waxman's
Reply (filed August 27, 2009) (doc. # 58), Defendant the U.S. Capitol Police's Reply
(filed August 27, 2009) (doc. # 59), the pleadings, the entire case file and the applicable
law and is sufficiently advised in the premises.

I.    Statement of the Case

Plaintiff Mr. Cohen, in his *pro se* capacity, brings this civil action pursuant to

*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388

(1971), against Congressman Henry Waxman of California, the U.S. Capitol Police, and

Fred Busch (allegedly an agent of the U.S. Capitol Police), for money damages for

alleged constitutional and statutory violations that purport to arise out of Mr. Cohen's

visit to Congressman Waxman's congressional office in Washington, D.C. on or about

November 25, 2003.  (*See* Amended Prisoner Complaint ("APC") (doc. # 6) at p. 4 of

22; Second Amended Prisoner Complaint ("SAPC") (doc. # 12) at p. 3 of 28).  Mr.

Cohen alleges that he is a citizen and national of the United Kingdom "and non-

permanent resident of the United States since 1990."  (*See* initial Prisoner Complaint

(doc. # 3) at p. 12 of 77).  Mr. Cohen alleges that he was granted an H-1B visa in

December 1994 that was renewed in December 1997 and expired on December 21,

2000.  (*See* doc. # 3 at pp. 12, 14, 16, 35-36, 41 of 77).[1]

Mr. Cohen entered the United States most recently on June 21, 2002 at Los

Angeles, California, under the Visa Waiver Program ("VWP"), 8 U.S.C. § 1187

(Immigration and Naturalization Act ("INA") § 217), and was authorized to stay in the

United States for no longer than 90 days.  *See Cohen v. Mukasey*, 2009 WL 1766843 *

2 (D. Colo. June 22, 2009).  Mr. Cohen did not depart the United States within 90 days

---

[1]    An H-1B visa is a non-immigrant visa that carries with it the right to work in the
United States on a temporary basis for a specific employer and at a specific job.  *See
generally*, 8 U.S.C. §§ 1101(a)(15)(H), 1184(g)(1) and (i)).  The normal duration of stay
is three years, with one extension of three additional years, *id.* at § 1184(g)(4), although
the maximum length of stay may be extended in certain circumstances that do not
appear to be present here.

and United States Immigration and Customs Enforcement ("ICE"), a subagency of the Department of Homeland Security ("DHS"), issued an order of removal on November 26, 2003.  (*See id.*).

Mr. Cohen traveled to Congressman Waxman's Washington, D.C. congressional office on November 25, 2003 to complain to Congressman Waxman about his treatment at the hands of local officials in West Hollywood, California. (*See* APC at p. 4 of 22; SAPC (doc. # 12) at pp. 3-4 of 28).  Mr. Cohen apparently intended to hand-deliver to Congressman Waxman "a letter asking for the Congressman's support in becoming a US Citizen after 10+ years in the United States." (*See* doc. # 3 at p. 13 of 77).  Mr. Cohen alleges that U.S. Capitol Police Agent Fred Busch "illegally wrongfully and maliciously arrested Plaintiff in the office of Defendant representative Henry Waxman at the Rayburn Office Building, Washington, District of Columbia on November 25th 2003 on a fabricated and false charge of '*making threats against a Congressman*' which he later dropped." (*See* SAPC (doc. # 12) at p. 4 of 28) (emphasis in original).  Mr. Cohen was detained by ICE on November 26, 2003 in Virginia after a referral by the U.S. Capitol Police.  (*See* doc. # 3 at p. 28 of 77).  Mr. Cohen remains detained by ICE.

The SAPC, 28 pages in length and alleging nine claims, was accepted for filing on February 17, 2009.  (*See* doc. # 12).  Mr. Cohen alleges: (1) a violation of the First, Fourth, Fifth, Sixth, and Fourteenth Amendments (Claim One); (2) a deprivation of constitutional rights, privileges, and immunities resulting in psychological harm (Claim Two); (3) extreme mental distress caused by the constitutional violations (Claim Three); (4) a violation of the First and Sixth Amendment communication privilege between Plaintiff and Representative Waxman (Claim Four); (5) intentional arrest without

3

probable cause (Claim Five); (6) loss of personal freedom, pain and suffering, and loss of reputation (Claim Six); (7) conspiracy (Claim Seven); (8) an improper refusal by Agent Busch to disclose his badge number (Claim Eight); and (9) bad faith investigation (Claim Nine).  (*See id.* at pp. 5-8, 19-24 of 28).  Mr. Cohen sues Defendant Waxman and Defendant Busch each "individually and in his official capacity."  (*See* doc. # 12 at p. 3 of 28).  Mr. Cohen sues Defendant U.S. Capitol Police "as employer of Defendant" Busch.  (*See id.*).  Mr. Cohen seeks only monetary relief.  (*See id.* at p. 15 ("Plaintiff prays that the Court grant him all compensatory, exemplary and punitive damages to which he is entitled. . . .")).

Defendant U.S. Capitol Police moves to dismiss the SAPC pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim under *Bivens*.  Defendant Waxman moves to dismiss the SAPC: (1) pursuant to Rule 12(b)(2) for lack of personal jurisdiction; (2) pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction based on qualified immunity and the Speech and Debate Clause of the U.S. Constitution (3) as barred by the statute of limitations; and (4) pursuant to Rule 12(b)(6) for failure to state any claim upon which relief can be granted.


II.    Analysis

A.    Lack of Personal Jurisdiction Over Congressman Waxman.

When a court's power to exercise personal jurisdiction over a nonresident defendant is challenged by a motion under Fed. R. Civ. P. 12(b)(2), and the question of jurisdiction is resolved based only on the pleadings, the allegations in the complaint, the motion papers, and any supporting legal memoranda, without an evidentiary hearing,

the burden is on the plaintiff to make a prima facie showing of a sufficient basis for jurisdiction. *Mylan Labs., Inc. v. Akzon, N.V.*, 2 F.3d 56, 60 (4th Cir. 1993). *See also Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995) ("Where, as in the present case, there has been no evidentiary hearing, and the motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written material, the plaintiff need only make a prima facie showing that jurisdiction exists."). "The plaintiff may make this prima facie showing by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant." *OMI Holdings,* 149 F.3d at 1091. It is the plaintiff's burden to demonstrate the existence of every fact required to satisfy both the forum's long-arm statute and the Due Process Clause of the Constitution. *United Elec. Radio and Mach. Workers of America (UE) v. 163 Pleasant Street Corporation*, 987 F.2d 39, 43-44 (1st Cir. 1993) (internal quotation marks and citation omitted).

"Jurisdiction to resolve cases on the merits requires . . . authority over the parties (personal jurisdiction), so that the court's decision will bind them." *Gadlin v. Sybron Int'l Corp.*, 222 F.3d 797, 799 (10th Cir. 2000) (internal quotation marks and citation omitted). "In determining whether a federal court has personal jurisdiction over a defendant, the court must determine (1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (internal quotation marks and citation omitted).

Where the federal statute at issue does not authorize nationwide service of process, a court may assert personal jurisdiction to "the extent allowed by the state in

5

which the district court sits." Fed. R. Civ. P. 4(k)(1)(A); *SCC Communications Corp. v. Anderson*, 195 F. Supp. 2d 1257, 1260 (D. Colo. 2002). Because *Bivens*, 403 U.S. 388, does not confer nationwide service of process, Rule 4(k)(1)(A) governs this court's authority to exercise personal jurisdiction over Congressman Waxman as an out-of-state defendant. Rule 4(k)(1)(A) provides that "[s]erving a summons . . . establishes personal jurisdiction over a defendant . . . (A) who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located."

> When authorized by Federal Rule of Civil Procedure 4(k)(1)(A), service of process sufficient to exercise jurisdiction over a defendant is limited by state law, so that any challenge to the personal jurisdiction requires [the court] to assess the jurisdiction of the courts in the state where the district court is located. . . .
>
> Since in personam jurisdiction of a state court is limited by that state's laws and by the Fourteenth Amendment, [the court must] inquire whether the state long-arm statute authorizes the exercise of jurisdiction over the defendant. If it does, [the court] must then determine whether the state court's exercise of such jurisdiction is consistent with the Due Process Clause of the Fourteenth Amendment. . . .

*ESAB Group, Inc. v. Centricut, Inc.* 126 F.3d 617, 622-23 (4th Cir. 1997) (citations omitted).

"Colorado's long arm statute is coextensive with constitutional limitations imposed by the due process clause. Therefore, if jurisdiction is consistent with the due process clause, Colorado's long arm statute authorizes jurisdiction over a nonresident defendant." *Benton v. Cameco Corp.*, 375 F. 3d 1070, 1075 (10th Cir. 2004) (citation omitted). *See also United States v. Botefuhr*, 309 F.3d 1263, 1271 (10th Cir. 2002) (question of whether court can exercise personal jurisdiction "collapses into a single due

process analysis under the Constitution") (internal quotation marks and citation omitted).

The Tenth Circuit has "carefully and succinctly la[id] out the well-established

constitutional analysis for personal jurisdiction."  *Benton*, 375 F. 3d at 1075.

> The Due Process Clause protects an individual's liberty interest in not
> being subject to the binding judgments of a forum with which he has
> established no meaningful contacts, ties, or relations.  Therefore, a court
> may exercise personal jurisdiction over a nonresident defendant only so
> long as there exist minimum contacts between the defendant and the
> forum state. . . .
>
> The minimum contacts standard may be met in two ways. First, a court
> may, consistent with due process, assert specific jurisdiction over a
> nonresident defendant if the defendant has purposefully directed his
> activities at residents of the forum, and the litigation results from alleged
> injuries that arise out of or relate to those activities.  Where a court's
> exercise of jurisdiction does not directly arise from a defendant's
> forum-related activities, the court may nonetheless maintain general
> personal jurisdiction over the defendant based on the defendant's general
> business contacts with the forum state.

*OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1090-91 (10th Cir.1998)

(internal quotation marks and citations omitted).


1.      Specific Jurisdiction

Defendant Waxman argues that he does not have minimum contacts with the

District of Colorado for purposes of specific jurisdiction.  "In determining whether a

defendant has established minimum contacts with the forum state, we examine whether

the defendant purposefully avail[ed] itself of the privilege of conducting activities within

the forum State."  *Benton*, 375 F. 3d at 1075 (internal quotation marks and citation

omitted).  "A defendant's contacts are sufficient if the defendant purposefully directed its

activities at residents of the forum, and . . . the plaintiff's claim arises out of or results

7

from actions by the defendant himself that create a substantial connection with the forum state." *Benton*, 375 F. 3d at 1075 (internal quotation marks and citation omitted). The court "must consider whether the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S. Ct. 559 (1986). "[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities *within the forum State*, thus invoking the benefits and protections of its laws." *Trujillo*, 465 F.3d at 1219 (internal quotation marks and citation omitted) (emphasis in original).

Mr. Cohen does not allege or demonstrate that Defendant Waxman conducted any activities in Colorado or had any contact with him in Colorado. All of the events constituting the alleged unconstitutional conduct occurred in Washington, D.C. (*See* doc. # 12). Mr. Cohen argues in his Response that Defendant Waxman has a website, http://www.henrywaxman.house.gov, that subjects him to the jurisdiction of this court. (*See* doc. # 56-2 at p. 25 of 68). The Tenth Circuit and the District of Colorado have rejected similar arguments as grounds for personal jurisdiction. *See, e.g.*, *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1299, 1999 CJ C.A.R. 6638 (10th Cir. 1999) (holding that the maintenance of a passive website accessible to forum residents that merely provides information to "interested viewers," is insufficient to demonstrate the purposeful availment of benefits of doing business in the forum); *SCC Communications Corp. v. Anderson*, 195 F. Supp. 2d 1257, 1260 (D. Colo. 2002) ("The creation of a passive website, by itself, is not considered an act purposefully directed toward the forum state."). *See also Oxion, Inc. v. O3 Zone Co.*, 2007 WL 2155675 at *

6 (D. Kan. July 26, 2007) (website of limited interactive nature failed to satisfy the standards prerequisite to the exercise of general or specific jurisdiction) (cited by Mr. Cohen, doc. # 56-2 at p. 25 of 68).

In his Response, Mr. Cohen also argues that "Result of defendants tortious acts continues in The State of Colorado [sic]". (*See* doc. # 56-2 at p. 29 of 68). "The United States Supreme Court has addressed the issue of what contacts are necessary to satisfy due process in the context of an intentional tort." *Classic Auto Sales, Inc. v. Schocket*, 832 P.2d 233, 237 (Colo. 1992) (internal quotation marks and citation omitted). "In *Calder v. Jones*, the Court approved an 'effects' test and held that where a defendant's intentional, and allegedly tortious, actions, taken outside the forum, are expressly directed at causing a harmful effect within the forum state, a sufficient nexus exists between the Defendant and the state so as to satisfy due process." *Id.* (citations omitted). Mr. Cohen has not sufficiently alleged or demonstrated that Defendant Waxman engaged in intentional and tortious actions in Washington, D.C., expressly directed at causing a harmful effect within Colorado, so as to establish a sufficient nexus between Defendant Waxman and Colorado.

In sum, the court concludes that Defendant Waxman does not have minimum contacts with the District of Colorado for purposes of specific jurisdiction.

2.      General Jurisdiction

Mr. Cohen argues in his Response that Defendant "Waxman's role in the House of Representatives and as Chair of various committees affects the State of Colorado means General Jurisdiction." (*See* doc. # 56-2 at p. 24 of 68). The court may take

9

judicial notice of the fact that Defendant Waxman represents the 30th congressional

district of California, encompassing the coastal communities of Santa Monica, Malibu,

West Los Angeles, Beverly Hills, and West Hollywood, California, and maintains

congressional offices only in Washington, D.C. and Los Angeles.  *See*

http://www.henrywaxman.house.gov.  Government officials who do not reside or

perform work in Colorado do not "transact business" within the meaning of the long-arm

statute.  *See Shaffer v. Clinton*, 54 F. Supp. 2d 1014, 1020-21 (D. Colo. 1999)

("consequences in Colorado of acts performed by remote defendants are insufficient to

establish personal jurisdiction over that plaintiff unless the plaintiff can show "an action

of the defendant purposefully directed toward the forum State' " . . . thus Colorado long-

arm statute did not reach Clerk of the U.S. House of Representatives who performed his

job in Washington, D.C.);  *First Western Gov't Securities, Inc. v. United States*, 578 F.

Supp. 212, 215 (D. Colo. 1984) (employees of the IRS who had "at no time participated

in any work assignments in Colorado or traveled to Colorado in connection with any

work assignments" did not transact "business in Colorado as that phrase has been

defined by case law interpreting the long-arm statute.").  *See also Cornell v. Kellner*,

539 F.Supp.2d 311, 315 (D.D.C.2008) (finding no personal jurisdiction over IRS

employees who were Arizona residents, where plaintiff did not allege "that his claim for

relief arises from Defendant's transaction of business in the District of Columbia," nor

did he offer evidence that defendants committed any acts in D.C. with a "nexus to

[p]laintiff's cause of action")*; Islamic Am. Relief Agency v. Unidentified FBI Agents*, 394

F. Supp. 2d 34, 57-58 (D.D.C. 2005) (finding no personal jurisdiction over defendant

who lived and worked in Missouri where his sole contact with D.C. was employment by

Internal Revenue Service, which is headquartered here), *aff'd in part and remanded*, 477 F.3d 728 (D.C. Cir.), *cert. denied*, 128 S.Ct. 92 (2007).  Mr. Cohen has neither pled nor demonstrated grounds for maintaining general personal jurisdiction over Defendant Waxman.

Mr. Cohen's allegations and arguments do not suffice to make a prima facie showing of the requisite minimum contacts consistent with due process.  This court thus lacks personal jurisdiction over Defendant Waxman.  As the court cannot proceed to the merits of a claim in the absence of personal jurisdiction, Mr. Cohen's claims against Defendant Waxman are properly dismissed pursuant to Fed. R. Civ. P. 12(b)(2).[2]

3.      Transfer of Venue

In his Response, Mr. Cohen states:"[t]o the extent that Plaintiff is unable to successfully argue against Defendant's claim of lack of jurisdiction in the attached Memorandum, Plaintiff asks for Change of Venue to US District Court for the District of Columbia."  (*See* doc. # 56 at p. 2 of 4; *see also* doc. # 56-2 at p. 26 of 68 ("To the extent that Defendant's Motion may be construed as request to transfer this Action to US District Court for the District of Columbia or Supreme Court of the United States, Plaintiff has no ob[je]ctions.")).  First, Defendants have not requested a transfer of venue.  No party has argued that this case was brought in the wrong venue.  Mr. Cohen

---

[2]     The court notes that the same issues and analysis regarding personal jurisdiction appear to equally apply to Defendant Busch, who has not yet answered or otherwise responded to the SAPC.  Further, Mr. Cohen has noted that "it has not yet been ascertained as to whether or not Plai[nti]ff's wrongful arrest . . . in Denver . . . is the result of direct and unlawful intervention by the Defendants - Defendant Fred Busch, . . ."  (*See* doc. # 56 at p. 2 of 4).

has not presented any grounds for a transfer of venue and Defendants have not responded to his suggestion regarding transfer of venue.  Second, Mr. Cohen cannot move for a transfer of venue in his response.  *See* Local Rules of Practice of the United States District Court for the District of Colorado, D.C. COLO. LCivR 7.1 C. ("A motion shall not be included in a response or reply to the original motion.  A motion shall be made in a separate paper.").

Third, the decision to dismiss or transfer a case is "within the district court's sound discretion."  *First of Michigan Corp. v. Bramlet*, 141 F.3d 260, 262 (6th Cir. 1998).  In determining whether to transfer or to dismiss a case, the determinative question is whether a transfer is in the interest of justice.  28 U.S.C. § 1406(a), § 1404(a).  Courts consider many factors, both private interest and public interest.  *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981).  Private interest factors include: "the relative ease of access to sources of proof;  availability of compulsory process for attendance of unwilling, and the cost of attendance for willing witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive."  *Id.* at 241 n. 6 (citation omitted).  Public interest factors to be considered include: "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; . . . the avoidance of unnecessary problems of conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty."  *Id.* (internal quotation marks and citation omitted).

As no party has addressed any of these factors, the court does not address them on a silent record.  In its discretion, the court finds that a transfer of venue would not be

in the interest of justice and declines to transfer the action at this time.  The court's recommendation for dismissal of Defendant Waxman for lack of personal jurisdiction is without prejudice to Mr. Cohen refiling his claims in another venue.[3]

B.      Failure to State a Claim Against Defendant U.S. Capitol Police

Defendant U.S. Capitol Police moves to dismiss the SAPC pursuant to Rule 12(b)(6) for failure to state a claim under *Bivens*.  Mr. Cohen's SAPC alleges only constitutional violations and seeks only money damages based on his arrest by a federal employee in Washington, DC in November 2003.  (See doc. # 12).

In *Bivens*, 403 U.S. at 388, the Supreme Court recognized "an implied private right of action for damages against federal officers alleged to have violated a citizen's constitutional rights."  *Correctional Services Corporation v. Malesko*, 534 U.S. 61, 66 (2001).  "Bivens claims allow plaintiffs to recover from individual federal agents for constitutional violations these agents commit against plaintiffs."  *Robbins v. Wilkie*, 300 F.3d 1208, 1211 (10th Cir. 2002) (citing *Bivens*, 403 U.S. at 388).  The doctrine of sovereign immunity precludes a *Bivens* action against the United States or any agency thereof.  *Hatten v. White*, 275 F.3d 1208, 1210 (10th Cir. 2002).  *See also Malesko*, 534 U.S. at 72 ("prisoner may not bring a Bivens claim against the officer's employer, the United States, or the BOP");  *FDIC v. Meyer*, 510 U.S. 471, 486 (1994) ("a damages remedy against federal agencies would be inappropriate even if such a remedy were

---

[3]      In light of the court's conclusion that it lacks personal jurisdiction over Defendant Waxman, the court need not reach Defendant Waxman's additional arguments for dismissal at this time.

consistent with *Bivens*."); *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1231 (10th

Cir.2005) ("a Bivens claim lies against the federal official in his individual capacity – not .

. . against officials in their official capacity").

In his Response, Mr. Cohen states: "Plaintiff should also be given opportunity to

separate claim against US Capitol Police from *Bivens* claim to claim under Federal Tort

Act should this be necessary." (*See* doc. # 55 at p. 2 of 3).  The mere mention of the

"Federal Tort Act" in his response is insufficient to make any such claim.  *See* D.C.

COLO. LCivR 7.1 C.   Mr. Cohen has not made any allegation in support of a federal

tort claim.  Nor has Mr. Cohen made any allegation that he has filed a proper

administrative claim, as required for a federal tort claim.  *See Three-M Enterprises, Inc.

v. United States*, 548 F. 2d 293, 294 (10th Cir. 1977) ("The United States has consented

to be sued for torts in the Federal Tort Claims Act.  28 U.S.C. § 1346(b).  But as a

prerequisite to suit under the Act, 28 U.S. C. § 2675(a) requires that the claim first be

presented to the appropriate federal agency and be finally decided by the agency.  This

requirement is jurisdictional and cannot be waived.").

Because a damages claim under *Bivens* cannot be stated against a federal

agency, the SAPC is properly dismissed as against Defendant the U.S. Capitol Police.


Accordingly, IT IS RECOMMENDED that:

1.      The "Motion to Dismiss of Defendant Henry Waxman" (filed May 4, 2009)

(doc. # 24) be GRANTED and Defendant Waxman be dismissed from this civil action,

without prejudice to Mr. Cohen refiling his claims in another venue.

2.       "Defendant the U.S. Capitol Police's Motion to Dismiss Pursuant to Fed.

R. Civ. P. 12(b)(6)" (filed April 21, 2009) (doc. # 20) be GRANTED and Defendant U.S.

Capitol Police be dismissed with prejudice from this civil action.


**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may

serve and file written objections to the Magistrate Judge's proposed findings and

recommendations with the Clerk of the United States District Court for the District of

Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583

(10th Cir. 1995).  A general objection that does not put the District Court on notice of the

basis for the objection will not preserve the objection for *de novo* review.  "[A] party's

objections to the magistrate judge's report and recommendation must be both timely

and specific to preserve an issue for de novo review by the district court or for appellate

review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street,*

*Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely

objections may bar *de novo* review by the District Judge of the Magistrate Judge's

proposed findings and recommendations and will result in a waiver of the right to appeal

from a judgment of the district court based on the proposed findings and

recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80

(10th Cir. 1999) (District Court's decision to review a Magistrate Judge's

recommendation *de novo* despite the lack of an objection does not preclude application

of the "firm waiver rule");  *International Surplus Lines Insurance Co. v. Wyoming Coal*

*Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain

portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal

15

those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir.

1992) (by their failure to file objections, plaintiffs waived their right to appeal the

Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122

(10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require

review).

Dated at Denver, Colorado this 21st day of September, 2009.

BY THE COURT:

    s/Craig B. Shaffer
United States Magistrate Judge