**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE**

Civil Case No.   08-cv-02188-LTB-CBS

SOLOMON BEN-TOV COHEN

       Plaintiff,

v.

FRED BUSCH, Agent, U.S. Capitol Police,

       Defendant.
_____

**ORDER**
_____

This case is before me on the motion of the Plaintiff to recuse the undersigned judge (Doc 92).  Defendant has filed his objection to the motion (Doc 95).

Under 28 U.S.C. § 455, a judge is required to disqualify himself in any proceeding in which his impartiality might reasonably be questioned.  Pursuant to 28 U.S.C. § 455(a), a judge shall also disqualify himself where he has a personal bias or prejudice concerning a party.  But a judge has a duty to preside when there is no legitimate reason to recuse, Bryce v. Episcopal Church of the Diocese of Colo., 289 F.3d 648, 659 (10th Cir. 2002), and 28 U.S.C. § 455 affords litigants no veto power over sitting judges or for obtaining a judge of their choice. United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993). "Unsubstantiated suggestions, speculations, and opinions are insufficient to establish even the appearance of any bias, prejudice, or misconduct that would warrant judicial recusal." Carpenter v. Boeing Co., 456 F.3d 1183, 1204 (10th Cir. 2006).

I conclude that Plaintiff's Motion to Recuse the Undersigned Judge rests solely on unsubstantiated suggestions and speculation because Plaintiff simply disagrees with rulings entered in this case.  The undersigned Judge's impartiality cannot reasonably be questioned in this case in light of the file and record.  Accordingly

IT IS ORDERED that Plaintiff's Motion to Recuse (Doc 92) is DENIED.

BY THE COURT:

s/Lewis T. Babcock
Lewis T. Babcock, Judge

DATED:   January 21, 2010