IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02188-LTB-CBS

SOLOMON BEN-TOV COHEN,
  Plaintiff,
v.

FRED BUSCH, Agent, U.S. Capitol Police,
  Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

  This civil action is before the court on: (1) "Defendant Fred Busch's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6)" (filed October 5, 2009) (doc. # 61); (2) Mr. Cohen's "Motion for Change of Venue" (filed December 21, 2009) (doc. # 85); and (3) Mr. Cohen's "Motion to Amend Complaint" (filed January 20, 2010) (doc. # 97). Pursuant to the Order of Reference dated November 12, 2008 (doc. # 9) and the memoranda dated October 6, 2009, December 30, 2009, and January 21, 2010 (docs. # 62, # 87, and # 99), these matters were referred to the Magistrate Judge. The court has reviewed the Motions, Mr. Cohen's "Opposition to Fred Busch's Motion to Dismiss" ("Response") (filed January 5, 2010) (doc. # 89), Mr. Cohen's additional "Memorandum of Law and Points of Opposition to Defendant Fred Busch's Motion to Dismiss" (filed January 29, 2010) (doc. # 101), Mr. Cohen's amended "Memorandum of Law and Points of Opposition to Defendant Fred Busch's Motion to Dismiss" (filed February 11, 2010) (doc. # 108), Defendant Busch's responses (filed January 11, 2010 and January 28, 2010) (docs. # 90 and # 100), Defendant Busch's Reply (filed January 19, 2010)

(doc. # 96), the pleadings, the entire case file, and the applicable law and is sufficiently advised in the premises.

I.     Statement of the Case

Plaintiff Mr. Cohen brings this civil action in his *pro se* capacity.  Mr. Cohen alleges pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), that he was wrongfully arrested by former Agent Busch of the United States Capitol Police when he went to Representative Waxman's office in Washington, D.C. in November 2003.  (*See* Second Amended Prisoner Complaint ("SAPC") (doc. # 12) at p. 3 of 28).  Mr. Cohen named the U.S. Capitol Police, Representative Waxman, and former Agent Busch as Defendants.  (*See id.*).  On October 21, 2009, the court granted the U.S. Capitol Police's and Representative Waxman's Motions to Dismiss, leaving former Agent Busch as the only Defendant. (*See* Order (doc. # 67)).  Mr. Cohen seeks only monetary relief for his claims.  (*See id.* at p.15 of 28).

Mr. Cohen alleges that he traveled to Congressman Waxman's Washington, D.C. congressional office on November 25, 2003 to complain to Congressman Waxman about his treatment at the hands of local officials in West Hollywood, California. (*See* SAPC (doc. # 12) at pp. 3-4 of 28).  Mr. Cohen apparently intended to hand-deliver to Congressman Waxman "a letter asking for the Congressman's support in becoming a US Citizen after 10+ years in the United States." (*See* doc. # 12 at p. 4 of 28).  Mr. Cohen alleges that Defendant Busch "illegally wrongfully and maliciously arrested Plaintiff in the office of Defendant representative Henry Waxman at the Rayburn Office

Building, Washington, District of Columbia on November 25th 2003 on a fabricated and false charge of '*making threats against a Congressman*' which he later dropped [sic]." (*See* SAPC (doc. # 12) at p. 4 of 28) (emphasis in original).  Mr. Cohen was detained by ICE on November 26, 2003 in Virginia after a referral by the U.S. Capitol Police.  (*See* initial Prisoner Complaint (doc. # 3) at p. 28 of 77).[1]

Mr. Cohen alleges nine claims: (1) violation of the First, Fourth, Fifth, Sixth, and Fourteenth Amendments; (2) deprivation of constitutional rights, privileges, and immunities resulting in psychological harm; (3) extreme mental distress caused by the Defendants' actions; (4) violation of the First and Sixth Amendment communication privilege between Mr. Cohen and Representative Waxman; (5) intentional arrest without probable cause; (6) damage in the form of loss of personal freedom, pain and suffering, and loss of reputation; (7) conspiracy; (8) improper refusal by Agent Busch to disclose his badge number; and (9) bad faith or, alternatively, negligent investigation.  (*See id.* at pp. 5-8, 19-24 of 28).  Mr. Cohen sues Defendant Busch "individually and in his official capacity."  (*See* doc. # 12 at p. 3 of 28).

II.     Defendant Busch's Motion to Dismiss

A.     Lack of Personal Jurisdiction Over Defendant Busch

Defendant Busch moves to dismiss the SAPC pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.  When a court's power to exercise personal

---

[1]     At the time he filed this action, Mr. Cohen was in the custody of ICE.  Upon information and belief, Mr. Cohen is currently in the custody of the United States Marshal Service.  (*See* doc. # 110 at n. 1).

jurisdiction over a nonresident defendant is challenged by a motion under Fed. R. Civ. P. 12(b)(2), and the question of jurisdiction is resolved based only on the pleadings, the allegations in the complaint, the motion papers, and any supporting legal memoranda, without an evidentiary hearing, the burden is on the plaintiff to make a prima facie showing of a sufficient basis for jurisdiction. *Mylan Labs., Inc. v. Akzon, N.V.*, 2 F.3d 56, 60 (4th Cir. 1993). *See also Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995) ("Where, as in the present case, there has been no evidentiary hearing, and the motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written material, the plaintiff need only make a prima facie showing that jurisdiction exists."). "The plaintiff may make this prima facie showing by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant." *OMI Holdings, Inc. v. Royal Ins. Co. of Canada,* 149 F.3d 1086, 1091 (10th Cir. 1998). It is the plaintiff's burden to demonstrate the existence of every fact required to satisfy both the forum's long-arm statute and the Due Process Clause of the Constitution. *United Elec. Radio and Mach. Workers of America (UE) v. 163 Pleasant Street Corporation*, 987 F.2d 39, 43-44 (1st Cir. 1993) (internal quotation marks and citation omitted).

"Jurisdiction to resolve cases on the merits requires . . . authority over the parties (personal jurisdiction), so that the court's decision will bind them." *Gadlin v. Sybron Int'l Corp.*, 222 F.3d 797, 799 (10th Cir. 2000) (internal quotation marks and citation omitted). "In determining whether a federal court has personal jurisdiction over a defendant, the court must determine (1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether

the exercise of jurisdiction comports with due process." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (internal quotation marks and citation omitted).

Where the federal statute at issue does not authorize nationwide service of process, a court may assert personal jurisdiction to "the extent allowed by the state in which the district court sits." Fed. R. Civ. P. 4(k)(1)(A); *SCC Communications Corp. v. Anderson*, 195 F. Supp. 2d 1257, 1260 (D. Colo. 2002). Because *Bivens*, 403 U.S. at 388, does not confer nationwide service of process, Rule 4(k)(1)(A) governs this court's authority to exercise personal jurisdiction over Defendant Busch as an out-of-state defendant. Rule 4(k)(1)(A) provides that "[s]erving a summons . . . establishes personal jurisdiction over a defendant . . . (A) who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located."

> When authorized by Federal Rule of Civil Procedure 4(k)(1)(A), service of process sufficient to exercise jurisdiction over a defendant is limited by state law, so that any challenge to the personal jurisdiction requires [the court] to assess the jurisdiction of the courts in the state where the district court is located. . . .
>
> Since in personam jurisdiction of a state court is limited by that state's laws and by the Fourteenth Amendment, [the court must] inquire whether the state long-arm statute authorizes the exercise of jurisdiction over the defendant. If it does, [the court] must then determine whether the state court's exercise of such jurisdiction is consistent with the Due Process Clause of the Fourteenth Amendment. . . .

*ESAB Group, Inc. v. Centricut, Inc.* 126 F.3d 617, 622-23 (4th Cir. 1997) (citations omitted).

"Colorado's long arm statute is coextensive with constitutional limitations imposed by the due process clause. Therefore, if jurisdiction is consistent with the due process clause, Colorado's long arm statute authorizes jurisdiction over a nonresident

defendant." *Benton v. Cameco Corp.*, 375 F. 3d 1070, 1075 (10th Cir. 2004) (citation

omitted). *See also United States v. Botefuhr*, 309 F.3d 1263, 1271 (10th Cir. 2002)

(question of whether court can exercise personal jurisdiction "collapses into a single due

process analysis under the Constitution") (internal quotation marks and citation omitted).

The Tenth Circuit has "carefully and succinctly la[id] out the well-established

constitutional analysis for personal jurisdiction." *Benton*, 375 F. 3d at 1075.

> The Due Process Clause protects an individual's liberty interest in not
> being subject to the binding judgments of a forum with which he has
> established no meaningful contacts, ties, or relations. Therefore, a court
> may exercise personal jurisdiction over a nonresident defendant only so
> long as there exist minimum contacts between the defendant and the
> forum state. . . .
>
> The minimum contacts standard may be met in two ways. First, a
> court may, consistent with due process, assert specific jurisdiction over a
> nonresident defendant if the defendant has purposefully directed his
> activities at residents of the forum, and the litigation results from alleged
> injuries that arise out of or relate to those activities. Where a court's
> exercise of jurisdiction does not directly arise from a defendant's
> forum-related activities, the court may nonetheless maintain general
> personal jurisdiction over the defendant based on the defendant's general
> business contacts with the forum state.

*OMI Holdings*, 149 F.3d at 1090-91 (internal quotation marks and citations omitted).

Defendant Busch argues that he does not have minimum contacts with the

District of Colorado for purposes of specific jurisdiction. "In determining whether a

defendant has established minimum contacts with the forum state, we examine whether

the defendant purposefully avail[ed] itself of the privilege of conducting activities within

the forum State." *Benton*, 375 F. 3d at 1075 (internal quotation marks and citation

omitted). "A defendant's contacts are sufficient if the defendant purposefully directed its

activities at residents of the forum, and . . . the plaintiff's claim arises out of or results

from actions by the defendant himself that create a substantial connection with the forum state." *Benton*, 375 F. 3d at 1075 (internal quotation marks and citation omitted). The court "must consider whether the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S. Ct. 559 (1986). "[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities *within the forum State*, thus invoking the benefits and protections of its laws." *Trujillo*, 465 F.3d at 1219 (internal quotation marks and citation omitted) (emphasis in original).

Mr. Cohen does not allege or demonstrate that Defendant Busch conducted any activities in Colorado or had any contact with him in Colorado. All of the events constituting the alleged unconstitutional conduct occurred in Washington, D.C. (*See* doc. # 12). Regarding this argument raised by Defendant Busch, Mr. Cohen responds merely that the "Court has Personal Jurisdiction over Defendant Fred Busch" and that "Busch has been served." (*See* doc. # 89 at p. 4 of 38; doc. # 108 at p. 7 of 17). Mr. Cohen has not shown that Defendant Busch has minimum contacts with the District of Colorado for purposes of specific jurisdiction. Nor has Mr. Cohen asserted or demonstrated grounds for maintaining general personal jurisdiction over Defendant Busch based on any general business contacts with the forum state. Mr. Cohen's allegations and arguments do not suffice to make a prima facie showing of personal jurisdiction over Defendant Busch. The court thus lacks personal jurisdiction over Defendant Busch and Mr. Cohen's claims against Defendant Busch are properly

dismissed pursuant to Fed. R. Civ. P. 12(b)(2).[2]


B.     Whether Mr. Cohen Fails to State Plausible Claim for Relief under *Bivens*

Defendant Busch further moves to dismiss the SAC pursuant to Fed. R. Civ. P.

12(b)(6) for failure to state a claim upon which relief can be granted under *Bivens*.

Defendant Busch argues that Mr. Cohen's claims are barred by the statute of

limitations, that Mr. Cohen does not state a plausible claim for relief under *Bivens*, and

that he is entitled to qualified immunity.

> Under Rule 12(b)(6), [d]ismissal is appropriate only if the complaint, viewed in the light most favorable to plaintiff, lacks enough facts to state a claim to relief that is plausible on its face. A claim is plausible on its face when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.
> Although plaintiffs need not provide detailed factual allegations to survive a motion to dismiss, they must provide more than labels and conclusions or a formulaic recitation of the elements of a cause of action. Furthermore, conclusory allegations are not entitled to the assumption of truth.

---

[2]     To the extent that Mr. Cohen argues in his Response that "[r]esult of defendants tortious acts continues in The State of Colorado [sic]," (*see* doc. # 89 at p. 6 of 38), he has not sufficiently alleged or demonstrated that Defendant Busch engaged in intentional and tortious actions in Washington, D.C., expressly directed at causing a harmful effect within Colorado, so as to establish a sufficient nexus between Defendant Busch and Colorado. *See Classic Auto Sales, Inc. v. Schocket*, 832 P.2d 233, 237 (Colo. 1992) ("The United States Supreme Court has addressed the issue of what contacts are necessary to satisfy due process in the context of an intentional tort.") (internal quotation marks and citation omitted). "[T]he Court approved an 'effects' test and held that where a defendant's intentional, and allegedly tortious, actions, taken outside the forum, are expressly directed at causing a harmful effect within the forum state, a sufficient nexus exists between the Defendant and the state so as to satisfy due process." *Id.* (citations omitted).

*Masters v. Gilmore*, 663 F. Supp. 2d 1027, 1037 (D. Colo. 2009) (internal quotation marks and citations omitted).

1.      Statute of Limitations

Defendants argue that Mr. Cohen's claims are barred by the applicable statute of limitations.  It is undisputed that Mr. Cohen filed his initial Prisoner Complaint on or about October 9, 2008 and that Mr. Cohen's claims arise from an incident that occurred on November 25, 2003, almost five years before Mr. Cohen filed his Complaint.  (*See* Complaint (doc. # 3)).

"A *Bivens* action is subject to the limitation period for an action under 42 U.S.C. § 1983, and that limitation period is set by the personal injury statute in the state where the cause of action accrues."  *Roberts v. Barreras*, 484 F.3d 1236, 1238 (10th Cir. 2007) (citations omitted).  In Colorado, the limitation on personal injury claims is two years.  *See* Colo. Rev. Stat. § 13-80-102(g) (establishing a two-year limitation period for "all actions upon liability created by a federal statute where no period of limitation is provided in said federal statute" and for "all other actions of every kind for which no other period of limitation is provided");  *Blake v. Dickason*, 997 F.2d 749, 750 (10th Cir.1993) (applying § 13-80-102 to § 1983 claim).

"Although state law establishes the statute of limitations, federal law determines when plaintiffs' federal *Bivens* claims accrued."  *Van Tu v. Koster*, 364 F.3d 1196, 1199 (10th Cir. 2004) (citation omitted).  "Under federal law, the statute of limitations on a *Bivens* claim begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action."  *Van Tu*, 364 F.3d at

1199 (internal quotation marks and citation omitted).  *See also Kripp v. Luton*, 466 F.3d 1171, 1175 (10th Cir. 2006) ("[F]or *Bivens* actions (the federal analogue to § 1983 claims), we have held that a claimant's cause of action accrues when the claimant knew or had reason to know 'of the existence and cause of injury which is the basis for his action.'") (citation omitted).

As an affirmative defense, the statute of limitations may be subject to certain defenses such as waiver, estoppel, or equitable tolling.  *See Rotella v. Wood*, 528 U.S. 549, 560 (2000) (federal statutes of limitations "are generally subject to equitable principles of tolling").  However equitable tolling is employed as an "exception, not the rule."  *Rotella*, 528 U.S. at 561.  Mr. Cohen's claims appear to be barred by the statute of limitations, unless Mr. Cohen shows a basis for tolling the limitations period.

Mr. Cohen seems to argue that the statute of limitations should be tolled because he was under a mental disability, having been "declared Incompetent to Proceed" until his competency was restored while he was housed at the Colorado Mental Health Institute ("CMHI") between November 19th, 2007 and March 31, 2008.   (*See* SAPC (doc. # 12) at p. 7 of 28 ("On December 7th, 2007, Defendant US Capitol Police telephoned Sarah Morgan LSW at Colorado Mental Health Institute at Pueblo, Colorado ("CMHIP") to which [Mr. Cohen] had been ordered for Competency Restoration . . . Prior to this Competency Restoration, Plaintiff was not fit to file this Complaint Action").  *See also* Mr. Cohen's Response (doc. # 89) at p. 6 of 38; Motion for Change of Venue (doc. # 85) at p. 1 of 3 ("Plaintiff first became aware that his civil rights had been violated when he attended competency restoration classes given by Dr. Sean Kelly in Colorado. Plaintiff was declared Competent to Proceed by Denver District Judge Sheila

Rappaport, Denver District Court, State of Colorado March 30, 2008."); doc. # 108

("Plaintiff first became aware of his civil rights, existence of *Bivens* remedy . . . when, after being declared Incompetent to Proceed, he attended classes by Dr. Kelly at Colorado Mental Health Institute at Pueblo from November 19th 2007-March 31st 2008.").

A defendant's argument that a claim is barred by the statute of limitations raises an affirmative defense, and "[i]t is beyond dispute that the defendants have the burden of proof in establishing the elements of the affirmative defense of the statute of limitation." *Tello v. Dean Witter Reynolds, Inc.* 410 F.3d 1275, 1292 (11th Cir. 2005). *See also Kingman Reef Atoll Investments, L.L.C. v. U.S.*, 541 F.3d 1189, 1197 (9th Cir. 2008) (ordinarily the defendant bears the burden of proving an affirmative statute of limitations defense)*; Roberts v. Barreras*, 484 F.3d at 1240-41 ("failure to exhaust is an affirmative defense under the PLRA, and . . . the burden of proof for the exhaustion of administrative remedies in a suit governed by the PLRA lies with the defendant") (internal quotation marks and citations omitted); *Vega-Encarnacion v. Babilonia*, 344 F.3d 37, 42 (1st Cir. 2003) (statute of limitations as to a *Bivens* action against individual federal officers is an affirmative defense) (citations omitted); *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) ("if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor").

Dismissal based on the affirmative statute of limitations defense cannot usually be made on pleadings without proof. "At the motion-to-dismiss stage, a complaint may

be dismissed on the basis of a statute-of-limitations defense only if it appears beyond a doubt that Plaintiffs can prove no set of facts that toll the statute." *Tello,* 410 F.3d at 1288 n. 13 (internal quotation marks and citations omitted). *See also United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005) (complaint may be dismissed where the "allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations") (citation omitted); *Bullington v. United Air Lines Co.*, 186 F.3d 1301, 1310 n. 3 (10th Cir. 1999) (noting "that Rule 12(b)(6) is a proper vehicle for dismissing a complaint that, on its face, indicates the existence of an affirmative defense such as noncompliance with the limitations period") (citation omitted), *implicitly overruled on other grounds as recognized by Boyer v. Cordant Technologies*, 316 F.3d 1137, 1140 (10th Cir. 2003); *Doe v. U.S. Dept. of Justice*, 753 F.2d 1092, 1116 (D.C. Cir. 1985) (a defense based on the statute of limitations is an affirmative defense that cannot succeed on a Rule 12(b)(6) motion unless it is unequivocally apparent from the face of the complaint that the statute precludes the action).

Defendant Busch has not presented evidence to refute Mr. Cohen's allegation that the statute of limitations should be tolled because he was under a mental disability until March 31, 2008. Based upon the pleadings, the court cannot determine whether Mr. Cohen's claims are barred by the statute of limitations or Mr. Cohen's mental disability sufficiently tolled the statute of limitations bar. Defendants' request for dismissal of Mr. Cohen's claims pursuant to Fed. R. Civ. P. 12 based on the statute of limitations is properly denied at this time.

2.      Sovereign Immunity from *Bivens* Claims

Mr. Cohen is suing Defendant Busch "individually and in his official capacity." (*See* doc. # 12 at p. 3 of 28).  To the extent Mr. Cohen brings his claims against Defendant Busch in his official capacity, such claims must be dismissed.

"*Bivens* claims allow plaintiffs to recover from individual federal agents for constitutional violations these agents commit against plaintiffs."  *Robbins v. Wilkie*, 300 F.3d 1208, 1211 (10th Cir. 2002).  *See also Correctional Services Corporation v. Malesko*, 534 U.S. 61, 66 (2001) (in *Bivens*, the Supreme Court recognized "an implied private right of action for damages against federal officers alleged to have violated a citizen's constitutional rights").  A *Bivens* action alleging that a federal employee violated a plaintiff's constitutional rights cannot be maintained against the United States or an agency of the United States.  *See FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (direct action for damages against federal agencies not recognized under *Bivens*).  *See also Malesko*, 534 U.S. at 72 ("If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer, subject to the defense of qualified immunity. . . The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP.");  *Simmat v. U.S. Bureau of Prisons* 413 F.3d 1225, 1231 (10th Cir. 2005) ("a *Bivens* claim lies against the federal official in his individual capacity – not . . . against officials in their official capacity").  To the extent that Mr. Cohen is alleging his *Bivens* claims against Defendant Busch in his official capacity, such claims are barred by sovereign immunity and are thus properly dismissed with prejudice for lack of subject matter jurisdiction.

3.     First Amendment Claim

The Supreme Court has not expressly extended *Bivens* liability to First

Amendment claims.  In *Ashcroft v. Iqbal*, the Supreme Court noted that in *Bush v.*

*Lucas*, 462 U.S. 367 (1983), it had "declined to extend *Bivens* to a claim sounding in the

First Amendment." --- U.S. ----, 129 S. Ct. 1937, 1948 (2009).[3]  *See also Malesko*, 534

U.S. at 68 (declining to extend *Bivens* "into any new context").  For this reason, Mr.

Cohen does not state a plausible claim for violation of the First Amendment against

Defendant Busch.

Even if the court were to recognize a First Amendment claim against Defendant

Busch under *Bivens*, Mr. Cohen has not pled a plausible First Amendment claim.  Mr.

Cohen asserts that his "right under the First Amendment … to freedom of expression

and to petition the government for a redress of grievance" has been violated.  (*See* doc.

# 12 at p. 5 of 28).  Mr. Cohen does not allege how his right to "freedom of expression"

or right to "petition the government for redress" were restricted by Defendant Busch.

Mr. Cohen makes no allegations that specifically link Defendant Busch to any First

Amendment violation or allege how Defendant Busch's actions restricted or infringed

upon his protected First Amendment rights.  Without specific allegations, a *Bivens* claim

for money damages against an individual cannot survive.  *See Ashcroft v. Iqbal*, 129 S.

Ct. at 1948 (noting that a "plaintiff must plead that each Government-official defendant,

through the official's own individual actions, has violated the Constitution").  As Mr.

---

[3]     However, because "Petitioners [did] not press this argument" the Court
"assume[d], without deciding, that respondent's First Amendment claim is actionable
under *Bivens*."  *Ashcroft v. Iqbal*,  --- U.S. ----, 129 S. Ct. at 1948.

Cohen's conclusory allegations do not provide any facts to support his First Amendment claim against Defendant Busch, his First Amendment claim is properly dismissed.

4.      Fourth Amendment Claim

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, . . . , against unreasonable searches and seizures . . . ."  U.S. CONST. Amend. IV.  The Supreme Court has recognized liability of individual federal officers for violations of the Fourth Amendment.  *See Bivens*, 403 U.S. at 388 (recognizing for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights and permitting a victim of a Fourth Amendment violation by federal officers to bring suit for money damages against the officers in federal court).

Contrary to Defendant Busch's argument that Mr. Cohen does not provide any specific factual allegations to support a Fourth Amendment violation, the court concludes that Mr. Cohen has adequately alleged the nature of his Fourth Amendment claim.  "A police officer violates an arrestee's clearly established Fourth Amendment right to be free of unreasonable seizure if the officer makes a warrantless arrest without probable cause."  *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1312 (10th Cir. 2002) (citation omitted).  Mr. Cohen alleges that Defendant Busch "illegally[,] wrongfully[,] and maliciously arrested Plaintiff in the office of Defendant [R]epresentative Henry Waxman at the Rayburn Office Building, Washington, District of Columbia on November 25th 2003 on a fabricated and false charge of '*making threats against a Congressman*,'" in violation of his Fourth Amendment rights.  (*See* SAPC (doc. # 12) at p. 4 of 28

(emphasis in original); *see also* p. 5 of 28; p. 6 of 28 ("Defendant then took Plaintiff in handcuffs out of the Congressman's office and detained him in his office, although there were no grounds for his arrest.")).  At this stage of the litigation, on a motion to dismiss pursuant to Rule 12, Mr. Cohen's allegations are at least minimally sufficient to state a cognizable claim under the Fourth Amendment.  Defendant Busch's Motion to Dismiss is properly denied at this time as to Mr. Cohen's Fourth Amendment claim.

5.      Fifth Amendment Claim

Mr. Cohen conclusorily alleges violation of his Fifth Amendment rights.  (*See* SAPC (doc. # 12) at p. 5 of 28).  The Fifth Amendment provides that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law . . . ." U.S. CONST. Amend. V.  The Supreme Court has recognized *Bivens* liability for violations of the Fifth Amendment Due Process Clause.  *See Davis v. Passman*, 442 U.S. 228 (1979) (finding implied damages remedy under the Due Process Clause of the Fifth Amendment).

Mr. Cohen does not specify the nature of the Fifth Amendment violation he alleges or provide any specific factual allegations to support a Fifth Amendment violation.  Mr. Cohen provides no facts suggesting how Defendant Busch's conduct violated his Fifth Amendment rights.  Mr. Cohen's allegations do not provide any underlying facts to state a plausible claim for violation of the Fifth Amendment by Defendant Busch.  Mr. Cohen's Fifth Amendment claim is properly dismissed.

6.      Sixth Amendment Claim

Mr. Cohen alleges violation of his Sixth Amendment rights.  (*See* SAPC (doc. # 12) at pp. 5, 19 of 28).  The Sixth Amendment provides certain rights "[i]n all criminal prosecutions."  U.S. CONST. Amend. VI.  The Supreme Court has not expressly extended *Bivens* liability to Sixth Amendment claims.  *See Malesko*, 534 U.S. at 66-68 (2001) (explaining that Supreme Court has recognized *Bivens* causes of action only in Fourth, Fifth, and Eighth Amendment cases and declining to extend *Bivens* "into any new context").  For this reason, Mr. Cohen does not state a plausible claim for violation of the Sixth Amendment against Defendant Busch.

Even if the court were to recognize a Sixth Amendment claim against Defendant Busch under *Bivens*, Mr. Cohen has not pled a plausible Sixth Amendment claim.  Mr. Cohen does not adequately allege any basis for his Sixth Amendment claim, *i.e.*, right to criminal counsel, Confrontation Clause, speedy trial, etc.  Mr. Cohen has not alleged any facts suggesting that Defendant Busch's conduct did not meet the Sixth Amendment's requirements.  The only allegation relating to Defendant Busch is that he arrested Mr. Cohen without probable cause on November 25, 2003.  Mr. Cohen does not allege any facts pertaining to a criminal prosecution; in fact, Mr. Cohen alleges that the charge against him was "later dropped" and "[n]o criminal charges were ever filed against the Plaintiff."  (*See* doc. # 12 at pp. 4, 6 of 28).  Mr. Cohen makes no allegations that specifically link Defendant Busch's conduct to any Sixth Amendment violation or indicate how Defendant Busch's actions restricted or infringed upon his protected Sixth Amendment rights.  As Mr. Cohen's allegations do not provide any facts to support his Sixth Amendment claim against Defendant Busch, the Sixth Amendment

17

claim is properly dismissed.

7.     Other Claims

Mr. Cohen alleges additional claims and makes general references to possible additional claims.  (*See* SAPC (doc. # 12) at pp. 5 of 28 ("fourteenth amendment[ ]"), p. 22 of 28 (conspiracy), p. 23 of 28 ("Defendant refused to give Plaintiff his name or badge number"), p. 24 of 28 (negligence)).

To the extent that Mr. Cohen alleges violation of the Fourteenth Amendment, at the time of the alleged conduct, Defendant Busch was a federal employee.  The Fourteenth Amendment applies only to state violations.  *See Bolling v. Sharpe*, 347 U.S. 497, 499 (1954) (since the Fourteenth Amendment applies only to state action, discrimination by federal authorities may be brought as violations of the Due Process Clause of the Fifth Amendment).  "The Supreme Court has consistently applied the same standards to determine deprivation of liberty without due process under the fifth and the fourteenth amendments." *Doe v. U.S. Dept. of Justice*, 753 F.2d at 1105 n. 13 (citation omitted).  As Mr. Cohen fails to state a plausible claim for relief against Defendant Busch under the Fourteenth Amendment, his *Bivens* claim alleging violation of the Fourteenth Amendment is properly dismissed.

Mr. Cohen further alleges that Defendant Busch conspired to violate his constitutional rights.  (*See* SAPC (doc. # 12) at p. 22 of 28).  Civil conspiracy is defined as "a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another; and an

overt act that results in damage." *Baker v. Smith*, 771 F. Supp. 1156, 1158 (D. Kan. 1991) (internal quotation marks and citation omitted). Mr. Cohen fails to allege facts with sufficient specificity to suggest the existence of any of the elements of a conspiracy. As Mr. Cohen has made nothing more than a conclusory and vague allegation of a conspiracy, his claim is properly dismissed for failure to state a claim upon which relief can be granted. *See Merritt v. Hawk*, 153 F. Supp. 2d 1216, 1225 (D. Colo. 2001) ("[C]onclusory allegations that defendants acted in concert, or conspired without specific factual allegations to support such assertions are insufficient.") (internal quotation marks and citation omitted); *Buckley v. Gomez*, 36 F. Supp. 2d 1216, 1221 (S.D. Cal. 1997) (Where a complaint contains merely conclusory, vague, or general allegations of a conspiracy to deprive a person of constitutional rights, it must be dismissed.") (citations omitted).

As to Mr. Cohen's allegation that Defendant Busch refused to give his name or badge number, Mr. Cohen has not provided any legal basis that such a claim is constitutional in nature or cognizable under *Bivens.* To the extent that Mr. Cohen alleges that Defendant Busch was negligent, "negligence claims against government agents are not cognizable under *Bivens*, . . . ." *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n. 4 (10th Cir. 2001) (citations omitted).


8.      Qualified Immunity

Defendant Busch raises the defense of qualified immunity. The Supreme Court has recognized a qualified immunity defense for *Bivens* claims against federal officials. *See Johnson v. Fankell*, 520 U.S. 911, 914 (1997). In both § 1983 claims against state

19

officials and *Bivens* claims against federal officials, "officials performing discretionary function[s], generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* at 914-15 (internal quotation marks and citation omitted). The "qualified immunity analysis is identical under" section 1983 and *Bivens* causes of action. *Wilson v. Layne*, 526 U.S. 603, 609 (1999). Whether a defendant is entitled to qualified immunity is a legal question. *Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007), *cert. denied*, 128 S.Ct. 1229 (2008).

> Resolution of a dispositive motion based on qualified immunity involves a two-pronged inquiry. First, a court must decide whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right. Second, . . . the court must decide whether the right at issue was clearly established at the time of the defendant's alleged misconduct.

*Herrera v. City of Albuquerque*, 589 F.3d 1064, 1070 (10th Cir. 2009) (internal quotation marks and citations omitted). "A reviewing court may exercise [its] sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id.* "Qualified immunity is applicable unless" the plaintiff can satisfy both prongs of the inquiry. *Id.*

To the extent that the court recommends dismissal of all but Mr. Cohen's Fourth Amendment claim, Defendant Busch is entitled to qualified immunity from all of Mr. Cohen's claims except his Fourth Amendment claim. To the extent that the court recommends denial of Defendant Busch's Motion to Dismiss Mr. Cohen's Fourth Amendment claim, the court determines that at this stage of the litigation, on a motion to dismiss, Defendant Busch is not entitled to qualified immunity. "It has long been established that an arrest and search without probable cause that a crime has been

committed violates the Fourth Amendment." *Shroff v. Spellman*, ___ F.3d ___, 2010 WL 1767216 (10th Cir. 2010) (citing *Cortez v. McCauley*, 478 F.3d 1108, 1117 (10th Cir. 2007) ("The law was and is unambiguous: a government official must have probable cause to arrest an individual.").[4] The "court must grant a police officer qualified immunity if a reasonable officer could have believed that probable cause existed to arrest the plaintiff." *Olsen v. Layton Hills Mall*, 312 F.3d at 1312 (internal quotation marks and citation omitted). "Probable cause exists if facts and circumstances within the arresting officer's knowledge and of which he or she has reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense." *Id.* (internal quotation marks and citation omitted). *See also Saucier v. Katz*, 533 U.S. 194, 201-02 (2001) (inquiry is whether "it would be clear to a reasonable officer that what he is doing violates that right").

Mr. Cohen alleges that Defendant Busch "illegally[,] wrongfully[,] and maliciously arrested Plaintiff in the office of Defendant [R]epresentative Henry Waxman at the Rayburn Office Building, Washington, District of Columbia on November 25th 2003 on a fabricated and false charge of '*making threats against a Congressman.*'" (*See* SAPC (doc. # 12) at p. 4 of 28 (emphasis in original); *see also* pp. 5, 6 of 28). The court having concluded that Mr. Cohen adequately states a claim for violation of the Fourth Amendment based on his allegations that Defendant Busch arrested him without a warrant or probable cause, Defendant Busch has not demonstrated entitlement to qualified immunity on a motion to dismiss. Because the right to be free from an arrest

---

[4]     Copies of unpublished decisions cited are attached to this Recommendation.

without probable cause was clearly established under the Fourth Amendment at the time and at this stage of the litigation Mr. Cohen's allegations are minimally sufficient to state a *Bivens* claim for violation of the Fourth Amendment for arrest without probable cause, Defendant Busch's Motion to Dismiss on the basis of qualified immunity on the Fourth Amendment claim is properly denied at this time.

III.    Mr. Cohen's Motion for Change of Venue

Mr. Cohen moves for change of venue to the United States District Court for the District of Columbia.  (*See* Motion (# 85); *see also* Response (doc. # 89) at p. 5 of 38 ("To the extent that Plaintiff is unable to successfully argue against Defendant's claim of lack of jurisdiction in the attached Memorandum, Plaintiff asks for Change of Venue to US District Court for the District of Columbia.")).

"Congress enacted 28 U.S.C. § 1404(a) in 1948 to allow for the easy change of venue within a united federal system."  *Knapp v. Romer*, 909 F. Supp. 810, 812 (D. Colo. 1995).  Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  A party moving to transfer a case bears the burden of showing that the existing forum is inconvenient.  *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991).  A motion to transfer is within the discretion of the trial court and its action will be disturbed only when there has been an abuse of discretion.  *William A. Smith Contracting Co. v. Travelers Indem. Co.*, 467 F.2d 662, 664 (10th Cir. 1972).

A motion to transfer pursuant to § 1404(a) calls upon the district court to consider

a number of case-specific factors. *See Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29

(1988) (motions for transfer must be adjudicated according to an "individualized, case-

by-case consideration of convenience and fairness") (internal quotation marks and

citation omitted). Among the factors a district court should consider are:

> the plaintiff's choice of forum; the accessibility of witnesses and other
> sources of proof, including the availability of compulsory process to insure
> attendance of witnesses; the cost of making the necessary proof;
> questions as to the enforceability of a judgment if one is obtained; relative
> advantages and obstacles to a fair trial; difficulties that may arise from
> congested dockets; the possibility of the existence of questions arising in
> the area of conflict of laws; the advantage of having a local court
> determine questions of local law; and all other considerations of a practical
> nature that make a trial easy, expeditious and economical.

*Chrysler*, 928 F.2d at 1516 (quoting *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147

(10th Cir.1967)). "Unless the balance is strongly in favor of the movant the plaintiff's

choice of forum should rarely be disturbed." *William A. Smith Contracting Co.*, 467 F.2d

at 664.

Defendant Busch concedes that this action could have originally been brought in

the District Court for the District of Columbia. It is undisputed that the incident giving

rise to the SAPC occurred in Washington, D.C. on November 25, 2003. The primary, if

not the only, witnesses to the incident are Mr. Cohen and Defendant Busch. Mr. Cohen

has not presented any specific grounds for a transfer of venue based on convenience or

fairness. Mr. Cohen concedes that he originally filed this action in the District of

Colorado "because the plaintiff is incarcerated within the jurisdiction of this court. . . ."

Mr. Cohen remains incarcerated in the District of Colorado. Defendant Busch currently

resides in Massachusetts. There is no basis to question the enforceability of a

judgment obtained in the District of Colorado or to conclude that all of the parties cannot

23

obtain a fair trial in the District of Colorado. There is no evidence that the dockets are congested in the District of Colorado. The law to be applied in the case is federal law, which can be equally applied by the District Court in Colorado or the District Court in Washington, D.C. Mr. Cohen argues that "if the case is not transferred, the action will be time-barred." (*See* doc. # 85 at p. 2 of 3). The court has addressed Defendant Busch's statute of limitations argument in section II. B. 1. of this Recommendation, above. The balance of considerations is not in favor of transferring venue. In its discretion, the court finds that a transfer of venue would not be in the interest of justice and declines to transfer the action.

IV.    Mr. Cohen's Motion to Amend Complaint

Mr. Cohen moves to "amend section G of second amended complaint (SAC) to ask for jury trial and specific damages." (*See* doc. # 97 at p. 1 of 7). Motions to amend are committed to the trial court's discretion. *Woolsey v. Marion Laboratories, Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991). While Fed. R. Civ. P. 15 requires leave to amend be given freely, *see* Fed. R. Civ. P. 15(a)(2), a motion to amend may be denied because of "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . ." *Foman v. Davis,* 371 U.S. 178, 182 (1962). *See also Bauchman v. West High School*, 132 F.3d 542, 559 (10th Cir. 1997) (affirming district court's denial of motion to amend based on futility); *State Distribs., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984) ("In determining whether to allow amendment of a complaint, the court typically considers several factors," such as undue prejudice, undue delay, bad

24

faith, or failure to state a claim) (citation omitted).

Mr. Cohen filed his initial Prisoner Complaint on or about October 9, 2008. (*See* doc. # 3). At the court's direction, Mr. Cohen filed his Amended Prisoner Complaint on October 31, 2008. (*See* doc. # 6). On December 22, 2008, the court permitted Mr. Cohen to again amend his pleading. (*See* Courtroom Minutes/Minute Order (doc. # 11). Mr. Cohen filed his SAPC on February 17, 2009. Mr. Cohen seeks to amend his pleading more than one year after the court permitted him to file his SAPC. Mr. Cohen offers no explanation for his failure to include these matters in his previous pleadings. "[A] litigant's failure to assert a claim as soon as he could have is properly a factor to be considered in deciding whether to grant leave to amend." *Te-Moak Bands of Western Shoshone Indians of Nevada v. United States*, 948 F.2d 1258, 1261 (Fed. Cir. 1991) (internal quotation marks and citation omitted). Mr. Cohen does not indicate that the information necessary to add these matters to his pleading was unavailable to him prior to the filing of his Motion to Amend on January 20, 2010.

The Tenth Circuit has "often found untimeliness alone a sufficient reason to deny leave to amend." *See Hayes v. Whitman*, 264 F.3d 1017, 1026 (10th Cir. 2001) (internal quotation marks and citation omitted).

> A district court evaluates the reasons for the delay and assesses whether they amount to excusable neglect. Untimeliness is sufficient cause for denying leave [to amend], especially when the movant offers no adequate explanation for the delay. A district court may deny leave if the movant knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint.

*Cuenca v. University of Kansas*, 205 F. Supp.2d 1226, 1230 (D. Kan. 2002) (internal quotation marks and citations omitted). *See also First City Bank, N.A. v. Air Capitol*

*Aircraft Sales, Inc.*, 820 F.2d 1127, 1132 (10th Cir. 1987) (finding that trial court properly exercised its discretion in denying motion to amend where the moving party belatedly raised issues that should or could have been presented earlier). *Cf. Wildauer v. Frederick County*, 993 F.2d 369, 371-72 (4th Cir. 1993) (motion to amend properly denied where plaintiff had access to necessary information as early as April 29, 1991, but did not file his motion to amend until July 17, 1991, after the deadline established in the scheduling order had passed). The court concludes that Mr. Cohen's attempt to amend his pleading is untimely.

The court may also deny a motion to amend a complaint for failure to submit the proposed amendment. *See Lambertson v. Utah Dept. of Corrections*, 79 F.3d 1024, 1029 (10th Cir. 1996) (district court did not abuse its discretion in denying plaintiff's motion to amend for failure to provide adequate explanation for delay in seeking amendment and for failure to provide a copy of the proposed amended pleading). *See also Zaidi v. Ehrlich*, 732 F.2d 1218, 1220 (5th Cir. 1984) (district court should have held motion to amend in abeyance pending submission of plaintiff's proposed amendment); *Bownes v. City of Gary, Indiana*, 112 F.R.D. 424, 425 (N.D. Ind. 1986) ("common sense" dictates that a party seeking leave to amend should accompany his motion with a copy of the proposed amended complaint); *Williams v. Wilkerson*, 90 F.R.D. 168, 170 (E.D. Va. 1981) (where plaintiff sought leave to amend, a copy of the proposed amended pleading must be attached to the motion). While Mr. Cohen has cursorily described the amendments he seeks to allege, his intended amendments are not completely clear (*see* doc. # 97 at pp. 3-4 of 7) and he has not attached a copy of a complete proposed Amended Complaint.

Mr. Cohen's proposed Amendment is also futile. Nothing in Mr. Cohen's proposed amendment alters the court's analysis and recommendation herein. Further, the amendments Mr. Cohen seeks are unnecessary. To the extent he seeks to amend to demand costs associated with his medical treatment, compensatory damages in a specific sum, and "[a]ll costs associated with this action, including reasonable attorneys' fees" (*see* doc. # 97 at p. 2 of 7), he has already requested such relief in his SAPC (*see* doc. # 12 at p. 15 of 28). In any event, to the extent that Mr. Cohen seeks "reasonable attorneys' fees," he does not specify any legal authority for recovery of attorney fees in this case and as a *pro se* litigant, he is not entitled to attorney fees as he has not incurred any attorney fees. *See Kay v. Ehrler*, 499 U.S. 432, 435-38 (1991) (pro se litigants are not entitled fees under 42 U.S.C. § 1988, the civil rights statute's attorney's fees provision); *Pitts v. Vaughn*, 679 F.2d 311 (3d Cir. 1982) (pro se plaintiff alleging civil rights violations not entitled to attorney's fees under 42 U.S.C. § 1988(b)); *Cunningham v. F.B.I.*, 664 F.2d 383 (3d Cir. 1981) (pro se plaintiff proceeding under the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(E) not entitled to recover attorney's fees). As for Mr. Cohen's request for "[t]rial by jury as to all issues so triable," Mr. Cohen may demand a jury trial without seeking to amend his pleading. Fed. R. Civ. P. 38(b) provides in pertinent part:

> a party may demand a jury trial by (1) serving the other parties with a written demand – which may be included in a pleading – no later than 14 days after the last pleading directed to the issue is served; and (2) filing the demand in accordance with Rule 5(d).

"The 'last pleading directed to such issue' will generally be an answer or reply . . . and is determined on a claim by claim basis." *In re Kaiser Steel Corp.*, 911 F.2d 380, 388

(10th Cir.1990) (citations omitted).  Here, the only operative pleading filed is Mr. Cohen's SAPC.  No Defendant has answered.  Mr. Cohen need not amend his pleading in order to make a jury demand.  Mr. Cohen's proposed amendment may also be properly denied as futile.  See *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992) (a court may deny a motion to amend as futile if the proposed amendment would not withstand a motion to dismiss or if it fails to state a claim upon which relief may be granted);  *Schepp v. Fremont County*, 900 F.2d 1448, 1451 (10th Cir. 1990) (A motion to amend may be denied as futile "if the proposed amendment could not have withstood a motion to dismiss or otherwise failed to state a claim.").

Accordingly, IT IS RECOMMENDED that:

1.      "Defendant Fred Busch's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6)" *either* be GRANTED pursuant to Fed. R. Civ. P. 12(b)(2) and this civil action be dismissed in its entirety for lack of personal jurisdiction over Defendant Busch *or alternatively* be GRANTED in part and DENIED in part pursuant to Fed. R. Civ. P. 12(b)(6) and all claims in the Second Amended Prisoner Complaint (doc. # 12) be dismissed *except* the Fourth Amendment claim for arrest without probable cause.

2.      Mr. Cohen's "Motion for Change of Venue" (filed December 21, 2009) (doc. # 85) be DENIED.

3.      Mr. Cohen's "Motion to Amend Complaint" (filed January 20, 2010) (doc. # 97) be DENIED.

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122

29

(10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated at Denver, Colorado this 10th day of May, 2010.

BY THE COURT:


    s/Craig B. Shaffer
United States Magistrate Judge